Eleanor M. Lackman, Esq., No. 298594
*elackman@cdas.com*
COWAN, DEBAETS, ABRAHAMS,
& SHEPPARD LLP
9595 Wilshire Boulevard, Suite 900
Beverly Hills, CA 90212
Telephone: (310) 492-4392
Telefax: (310) 492-4394

Attorneys for Plaintiff
FAZE CLAN INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FAZE CLAN INC., a Delaware corporation,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>FAZE APPAREL, LLC, a California limited liability company,<br><br>　　　　　Defendant. | Case No.: 2:18-cv-00777-RGK (JEMX)<br><br>**JOINT REPORT OF CONFERENCE**<br><br>**[FRCP RULE 26(f); CD-LR 26-1]**<br><br>Date: July 16, 2018<br>Time: 9:00 AM<br>Judge: Hon. R. Gary Klausner<br>Courtroom: 850 |

Plaintiff Faze Clan Inc. ("Faze Clan") and defendant Faze Apparel, LLC ("Faze Apparel," with Faze Clan, the "Parties"), by and through their undersigned counsel, hereby submit this Joint Report pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 26-1.

## I. Factual Summary of the Case and of Claims and Defenses

### A. Plaintiff Faze Clan's Statement

This is an action for declaratory judgment that arises under the Lanham Act, 15 U.S.C. §§ 1051, *et seq.,* and California state and common law. Since its founding in 2010, plaintiff Faze Clan has become one of the most successful video game or "eSports" organizations in the world, managing numerous professional teams under the name FAZE CLAN. The team name and trademark FAZE CLAN, which is registered with the U.S. Patent and Trademark Office ("USPTO") (Registration No. 4,906,907), is also used in connection with various merchandise products, including team jerseys and other clothing items, all related to Faze Clan's well-known eSports teams.

Defendant Faze Apparel is a men's clothing store that sells street wear apparel under the brand name "Faze," and under a logo with a triangular design and the stylized letters "F.A.Z.E." Over the course of several years, Faze Apparel has interfered with Faze Clan's business relationships and its ability to register its FAZE CLAN trademark, based on Faze Clan's purported infringement of Faze Apparel's asserted trademark and other rights. Faze Apparel's repeated and unsubstantiated allegations of trademark infringement have impeded Faze Clan's ability to conduct and expand its business. Faze Clan now seeks a declaration of non-infringement of any rights Faze Apparel may have in and to Faze Apparel's asserted FAZE trademarks, including U.S. Reg. No. 4,550,118 (FAZE word mark) and U.S. Reg. No. 3,680,738 (FAZE design mark).

2
JOINT REPORT OF CONFERENCE PURSUANT TO FED. R. CIV. P. 26(F), LOCAL RULE 26-1

Faze Apparel has not asserted any counterclaims in this proceeding, but has asserted claims of trademark infringement as the plaintiff in a related action pending before this Court captioned *Faze Apparel, LLC v. Faze Clan Inc.,* 2:18-cv-02052-RGK-JEM (the "2052 Action"). In the 2052 Action, Faze Apparel alleges that Faze Clan's use of its team name in connection with team jerseys and other apparel related to Faze Clan's eSports teams constitutes infringement of Faze Apparel's asserted trademarks. Faze Apparel further claims that Faze Clan's infringement is willful based on Faze Clan's alleged awareness of Faze Apparel's asserted trademark rights. Faze Clan maintains that use of its team name in connection with eSports merchandise is unlikely to cause consumer confusion, including because the parties' respective customers and sales channels are distinct and entirely separate. While Faze Apparel seeks both monetary and injunctive relief, its entitlement to either is undercut by the absence of (i) any meaningful or likely consumer confusion; (ii) any apparent loss of business based on Faze Clan's use of its team name; and (iii) any reputational harm to Faze Apparel. Faze Apparel's entitlement to injunctive relief is further undermined by its delay in seeking such relief and failure to substantiate its allegations of irreparable harm. Finally, Faze Clan's continued use of its brand does not reflect "willful" infringement, but rather, a good faith belief that its use of its trademark is non-infringing, and that the parties' trademarks are sufficiently distinct such that coexistence is entirely feasible.

Faze Clan has not sought a declaration of non-infringement in the 2052 Action, but has counterclaimed for cancellation of Faze Apparel's application for registration of FAZE (Serial No. 87/520,638). Faze Clan's counterclaim is based on Faze Apparel's false representation that its trademark was in use in commerce in connection with all of the goods identified in the application as of the filing date of the application. In order to streamline the proceedings between the parties, the parties have been discussing an amendment to Faze Apparel's answer in the 2052 Action to assert the claims of declaratory relief that are in this case, thereby providing a path to

dismissal of the instant proceeding. Regardless of whether the Parties are able to adjust the pleadings to encompass all of the claims they have against each other, the Parties expect that discovery pertaining to the claims at issue in both cases would take place on the same track.

On May 22, 2018, the Court issued a narrowly-tailored injunction in the 2052 Action, prohibiting Faze Clan from advertising or selling apparel or accessories that use the word "FAZE" standing alone. The injunction does not prohibit Faze Clan from continuing to use its team name, FAZE CLAN, on apparel or accessories; indeed, the injunction expressly permits such use. The Parties recently have been discussing a potential resolution, and in light of the focus on that activity, Faze Clan has filed a motion requesting an extension of the deadline to file a notice of appeal of the May 22 order. That motion remains pending.

### B. Defendant Faze Apparel's Statement

This is a preemptive declaratory judgment action that FaZe Clan filed only after FAZE Apparel filed suit for trademark infringement in the Northern District of California. That case was transferred to this Court by stipulation of the parties and is now pending under the caption *FAZE Apparel, LLC v. FaZe Clan, Inc.*, No. 2:18-cv-02052-RGK-JEM (the "Trademark Infringement Action"). Following transfer of the Trademark Infringement Action, the Court granted FAZE Apparel's motion for preliminary injunction on May 22, 2018, finding FAZE Apparel likely to succeed on the merits of its claims that FaZe Clan has willfully infringed FAZE Apparel's longstanding registered trademarks FAZE® and F.A.Z.E.®. The parties have engaged in high-level settlement discussions following entry of the preliminary injunction.

The parties have attempted to consolidate this case with the Trademark Infringement Action to serve the interests of judicial economy. FAZE Apparel believes that consolidation is appropriate, though FaZe Clan's redundant declaratory judgment claims serve no useful purpose and should be dismissed pursuant to 28

U.S.C. § 2201 if they are not consolidated with the lead case. Should this case remain pending as a separate action, FAZE Apparel believes it is appropriate to coordinate all discovery and pretrial deadlines with the Trademark Infringement Action.

## II. Discovery Plan

### A. Proposed Changes to Rule 26(a)(1) Disclosures

The Parties agree that no changes shall be made to the form or requirement for disclosures under Fed. R. Civ. P. 26(a)(1). The Parties shall serve their respective initial disclosures on or before August 6, 2018.

### B. Scope and Subjects of Discovery

i. Without prejudice to its rights to seek discovery on any relevant issues, Faze Clan contemplates that it will need and seek discovery concerning: Faze Apparel's use of its trademarks, including the specific goods and services sold or offered for sale in connection with the trademarks, revenue earned from such sales, and dates of first use; Faze Apparel's applications for registration of its trademarks; Faze Apparel's actual or target classes and/or types of customers; actual or likely consumer confusion between the FAZE CLAN trademark and Faze Apparel's trademarks, to the extent such confusion exists or is likely; Faze Apparel's trademark enforcement efforts; Faze Apparel's advertising and promotion of goods and/or services in connection with its trademarks; harm, whether reparable or irreparable, that Faze Apparel asserts it has suffered as a result of Faze Clan's alleged infringement; and Faze Apparel's affirmative defenses.

ii. Without prejudice to its rights to seek discovery on any relevant issues, FAZE Apparel contemplates that it will need and seek discovery concerning: FaZe Clan's development, design, and use of FAZE®-formative marks on apparel products and accessories,

its prior acts of infringement, its knowledge of FAZE Apparel's marks over the course of its infringing conduct, and its decision to continue marketing FAZE®-branded products despite FAZE Apparel's demand that it cease and desist from such infringement.

   iii. The Parties agree that the anticipated methods of future discovery will include:

      1. Written discovery in the form of requests for the production of documents, interrogatories, and requests for admission;

      2. Written discovery via issuance of subpoenas to third parties;

      3. Oral depositions via issuance of subpoenas to third parties; and

      4. Oral depositions of "person(s) most knowledgeable" under Federal Rule of Civil Procedure 30(b)(6), and of other relevant witnesses.

**C. Discovery Completion Dates**

   i. Supplementations under Fed. R. Civ. P. 26(e) are due in a reasonable time after material, relevant facts are learned.

   ii. All fact (non-expert) discovery shall be completed by February 1, 2019.

   iii. The disclosure of the identities of expert witnesses that each Party may use at trial to present evidence, and any written report from an expert witness required under Fed. R. Civ. P. 26(a)(2)(B), shall be submitted by March 15, 2019.

   iv. Rebuttal expert reports shall be submitted by April 15, 2019.

**D. Protocol for Electronically-Stored Information**

To the extent that discoverable information is electronically stored, the Parties shall produce such information in either its native format, .tif format, or in optical character recognized ("OCR") portable document format (PDF). The Parties shall

meet and confer regarding the specific scope of metadata and other ESI-related material as may be proportionate to the needs of the case.

### E. Procedures for Resolving Disputes Regarding Claims of Privilege

The Parties agree to use the procedures set forth in Fed. R. Civ. P. 26(b)(5) regarding any claims of privilege or protecting materials asserted as prepared in anticipation of litigation. Each Party further agrees to provide a privilege log within a reasonable period of time (expected to be between 30 and 60 days) following its production of documents, identifying the claimed privilege and describing the nature of the documents, communications, or tangible things not produced or disclosed in a manner that will enable the other Party to assess the claim.

### F. Changes in Discovery Limitation

The Parties do not request any changes in the discovery limitations set forth in the Federal Rules of Civil Procedure and Local Rules.

### G. Motion Schedule

i. The Parties propose that the time for filing dispositive pre-trial motions shall be May 27, 2019.

ii. The Parties propose that all pretrial disclosures shall be exchanged thirty days prior to the date set for trial or, alternatively, on June 27, 2019. Any objections to pretrial disclosures will be governed by Fed. R. Civ. P. 26(a)(3)(B).

iii. The Parties request that the Court not set a pretrial conference or trial date until 60 days after a ruling on any dispositive motion. In the alternative, the Parties propose that the time for a final pre-trial conference date shall be July 10, 2019, with trial set to begin August 8, 2019, or as soon thereafter as the Court deems appropriate.

## III. Manual for Complex Litigation

The Parties do not anticipate utilizing the Manual for Complex Litigation.

## IV. Additional Parties

Faze Clan does not anticipate any additional parties being added to the case. FAZE Apparel reserves the right to amend its complaint to name "Doe" defendants as their identities are ascertained.

### V. ADR

Settlement is possible. The Parties are currently engaged in high-level discussions discussing terms of a potential settlement. Should these early efforts be unsuccessful, the Parties elect to appear before the district judge or magistrate judge assigned to this case, on or before 45 days prior to the Parties' final pre-trial conference.

### VI. Trial Estimate

The trial of this matter will be by jury. The Parties' preliminary estimate of the time required for trial is seven to ten days.

Respectfully Submitted,

Dated: July 13, 2018

**COWAN, DEBAETS, ABRAHAMS & SHEPPARD LLP**

By: s/ Eleanor M. Lackman
Eleanor M. Lackman, Esq.

*Attorneys for Plaintiff Faze Clan Inc.*

**BRAUNHAGEY & BORDEN LLP**

By: /s/ J. Tobias Rowe____
J. Tobias Rowe, Esq.

*Attorneys for Defendant Faze Apparel, LLC*